# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2251 | **DATE** | July 30, 2010 |
| **CASE TITLE** | Kennedy Thorne vs. Jewel Foods | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this minute order, Plaintiff's Motion to Alter or Amend Summary Judgment [184] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on a motion to alter or amend summary judgment [184] filed by Plaintiff Kennedy Thorne ("Thorne" or "Plaintiff"). For the following reasons, the motion is denied.

Plaintiff initiated the instant lawsuit on April 24, 2007 against Defendant Jewel Food Stores, Inc. ("Jewel" or "Defendant"). Plaintiff's Third Amended Complaint contained four counts: (1) retaliation under Title VIII and § 1981, (2) discrimination under Title VII and § 1981, (3) violation of the Illinois Human Rights Act, and (4) retaliatory discharge under Illinois common law. (Third. Am. Compl., Dkt. No. 53). Plaintiff and Defendant filed cross-motions for summary judgment on December 18, 2010. On June 8, 2010, this court entered a Memorandum, Opinion and Order dismissing Count III for lack of jurisdiction, and granting Defendant's motion for summary judgment on Counts I, II and IV. On July 6, 2010, Plaintiff filed the instant motion, asking the court to alter or amend its decision to grant summary judgment for Defendant.

Federal Rule of Civil Procedure 60(b)(2) provides that a party may request relief from a final judgment, order or proceeding on the basis of newly discovered evidence. Plaintiff contends, "New evidence shows discrimination is ongoing at Jewel Melrose Park Complex where these violations took place." (Pl.'s Mot. ¶ 4).

First, Plaintiff contends that there are similarly situated employees who were treated differently, including Paul Galan, a similarly situated Caucasian employee, who "accrued seven or eight violations in a years time and didn't get terminated" (Pl.'s Mot. ¶ 5), and "Four Caucasian Local 710 employees at the Salvage building in Melrose Park Complex" who "were not terminated in 2009 or early 2010," despite the fact that they said they always "swiped each other in and out" (Pl.'s Mot. ¶ 8). The materials provided by Plaintiff are not sufficient to show that these employees were actually similarly situated to Plaintiff. Furthermore, as stated in this court's order dated June 28, 2010, even assuming those employees *were*