Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2251 | **DATE** | July 30, 2010 |
| **CASE TITLE** | Kennedy Thorne vs. Jewel Foods | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this minute order, Plaintiff's Motion to Alter or Amend Summary Judgment [184] is denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

   This matter is before the court on a motion to alter or amend summary judgment [184] filed by Plaintiff Kennedy Thorne ("Thorne" or "Plaintiff"). For the following reasons, the motion is denied.

   Plaintiff initiated the instant lawsuit on April 24, 2007 against Defendant Jewel Food Stores, Inc. ("Jewel" or "Defendant"). Plaintiff's Third Amended Complaint contained four counts: (1) retaliation under Title VIII and § 1981, (2) discrimination under Title VII and § 1981, (3) violation of the Illinois Human Rights Act, and (4) retaliatory discharge under Illinois common law. (Third. Am. Compl., Dkt. No. 53). Plaintiff and Defendant filed cross-motions for summary judgment on December 18, 2010. On June 8, 2010, this court entered a Memorandum, Opinion and Order dismissing Count III for lack of jurisdiction, and granting Defendant's motion for summary judgment on Counts I, II and IV. On July 6, 2010, Plaintiff filed the instant motion, asking the court to alter or amend its decision to grant summary judgment for Defendant.

   Federal Rule of Civil Procedure 60(b)(2) provides that a party may request relief from a final judgment, order or proceeding on the basis of newly discovered evidence. Plaintiff contends, "New evidence shows discrimination is ongoing at Jewel Melrose Park Complex where these violations took place." (Pl.'s Mot. ¶ 4).

   First, Plaintiff contends that there are similarly situated employees who were treated differently, including Paul Galan, a similarly situated Caucasian employee, who "accrued seven or eight violations in a years time and didn't get terminated" (Pl.'s Mot. ¶ 5), and "Four Caucasian Local 710 employees at the Salvage building in Melrose Park Complex" who "were not terminated in 2009 or early 2010," despite the fact that they said they always "swiped each other in and out" (Pl.'s Mot. ¶ 8). The materials provided by Plaintiff are not sufficient to show that these employees were actually similarly situated to Plaintiff. Furthermore, as stated in this court's order dated June 28, 2010, even assuming those employees *were*

# STATEMENT

similarly situated to Plaintiff, Plaintiff's claims for discrimination and retaliation would still fail. He would still be unable to establish the *prima facie* element of satisfactory job performance, and there still would not be any evidence to suggest that Jewel's non-discriminatory reason for firing Plaintiff was pretext.

With respect to satisfactory job performance, Plaintiff seems to offer "new evidence" by explaining an example of an instance in which he supposedly "worked a hour and a half for free," which Plaintiff contends shows that he "exceeded the daily requirements of his job as a replenisher." (Pl.'s Mot. ¶ 13) Even assuming that Plaintiff did some work for free, this evidence does not change the fact that Plaintiff's overall performance was unsatisfactory, as reflected by the fact that he was disciplined on numerous occasions and ultimately fired after escalating through all the levels of the 5-Step Process. (*See* Memorandum Opinion and Order dated 6/8/10, Dkt. No. 173, at 8-9).

Other arguments provided by Plaintiff in support of his motion include an allegation that defense counsel may have fraudulently misplaced Plaintiff's Deposition Exhibit #16, which Plaintiff contends would have been proof that he did punch in and out on November 9, 2005 (Pl.'s Mot. ¶ 11), and an argument that Defendant's failure to respond to Plaintiff Answers in the Request for Summary Judgment caused Plaintiff to become overburdened and wasted valuable time (Pl.'s Mot. ¶ 12). Both of these arguments are vague and unsupported, and neither would be sufficient grounds for altering the previously entered judgment.

In summary, none of the items discussed above nor any other information in Plaintiff's filings cause this Court to conclude that it should change the decision reached in the Memorandum Opinion and Order dated June 8, 2010.

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Summary Judgment [184] is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge